IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Geoffrey K. Ferguson,

    Petitioner,

    v.

Keith Smith, Warden,

    Respondent.

Case No. 2:10–cv–752

Judge Michael H. Watson
Magistrate Judge King

### OPINION AND ORDER

On December 6, 2010, the Magistrate Judge recommended that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. *Report and Recommendation,* ECF No. 17. Petitioner has filed objections to the *Report and Recommendation. Objection*, ECF No. 18. For the reasons that follow, Petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner objects to the Magistrate Judge's recommendation that claim one be dismissed as procedurally defaulted because Petitioner — after raising the issue in his direct appeal to the state court of appeals — failed to raise the issue before the Ohio Supreme Court. Petitioner specifically argues that he has exhausted this claim because the Ohio Supreme Court does not actually hear all cases on appeal. Petitioner also argues that the Magistrate Judge erred in concluding that the lack of effective assistance of counsel in his appeal to the Ohio Supreme Court cannot serve as cause for this procedural default.

Petitioner's arguments are not persuasive. Regardless of whether the Ohio Supreme Court accepts an appeal for review, a petitioner is required to timely present his claims to the Ohio Supreme Court in order to preserve his claims for federal habeas corpus review. *See O'Sullivan v. Boerckel,* 526 U.S. 838 (1999). Further, the United States Supreme Court has held that a criminal defendant has no right to counsel beyond the first appeal as of right. *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987) ("[T]he right to counsel extends to the first appeal of right, and no further."). Therefore, the Magistrate Judge correctly concluded that Petitioner waived his right to this Court's consideration of the merits of claim one and that Petitioner failed to establish cause and prejudice for that procedural default.

Petitioner objects to the Magistrate Judge's recommendation that claim two be dismissed as procedurally defaulted and that claim three be dismissed on the merits. In claim two, Petitioner alleges that he was denied a fair trial by the admission of testimony regarding his pre-arrest silence. In claim three, Petitioner contends that he was denied the effective assistance of counsel because his trial counsel elicited the offending testimony. The state court of appeals reviewed claim two for plain error after finding that Petitioner had failed to object to the testimony at trial. In his objections, Petitioner contends that he preserved claim two for federal habeas corpus review because the state court of appeals reviewed this claim for plain error. Petitioner also again contends that the Court should assume that he objected to admission of the challenged testimony during his case-in-chief because he later objected to the line of questioning during the prosecution's cross-examination of Petitioner and he requested a curative instruction.

Again, this Court is not persuaded. Nothing in the record suggests that Petitioner objected to the testimony at the time the testimony was given. The fact that a state appellate court reviewed the claim for plain error does not forgive the failure to contemporaneously object. *Seymour v. Walker*, 234 F.3d 542, 557 (6th Cir. 2000). The Court concludes that Petitioner has waived claim two. Moreover, for the reasons detailed in the *Report and Recommendation*, the Court also concludes that Petitioner's allegation of ineffective assistance of counsel as asserted in claim three is without merit because Petitioner has failed to meet the two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984).

Petitioner does not object to the Magistrate Judge's recommendation that claim four be dismissed on the merits.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. *See also* Fed. R. Civ. P. 72(b). For these reasons and for the reasons discussed in the *Report and Recommendation*, Petitioner's *Objection,* ECF No. 18, is **OVERRULED**.

The *Report and Recommendation*, ECF No. 17, is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

_____
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT